McCALEB, Justice
(dissenting in part).
These consolidated cases present the question whether the State of Louisiana and the City of New Orleans may levy personal property taxes upon business machines owned by appellee and leased by it to the Federal Government. The machines in question are located upon the following sites:
1. A portion of ground located at Franklin Ave. and the Lakefront, acquired by the United States in fee simple title by judgment dated August 10, 1942 and March 19, 1945.
2. The U. S. Army Engineer Depot, located at the foot of Prytania Street, occupied without cost for 100 years from 1914 by agreement with the owners, The Board of Levee Commissioners, Orleans Levee District.
3. Office space in the Masonic Temple Building, leased by the owners, the General Lodge of Louisiana.
4. Port of Embarkation, acquired by purchase from the Board of Commissioners and by quitclaim from the City of New Orleans and the Public Belt Railroad in 1928.
5. Customs House, acquired by donation from the City of New Orleans in 1848.
6. Naval Air Base, Algiers, Louisiana, for which land was expropriated by the United States in 1903.
The State and City contend that the United States does not exercise exclusive jurisdiction over the aforementioned property and, therefore, their authority to levy and collect the taxes in question has not been divested.
Conversely, appellee maintains that, since its machines are located on property either owned or leased by the United States, the latter is vested with exclusive jurisdiction over them in virtue of Clause 17, Section 8 of Article I of the Federal Constitution, which precludes the levy of the taxes by the State or its subdivisions.
Since some of the aforementioned properties or sites are different in their nature, they will be grouped and discussed separately in the category in which they fall.
*683 1. Property at Franklin Ave. and the Lakefront.
It is clear that the United States does not have exclusive jurisdiction over this site as it was acquired subsequent to the enactment of the 1940 amendment to 40 U.S. C.A. § 255 (which is partially quoted in the main opinion) and the federal government has not accepted jurisdiction, either exclusive or partial, in the manner provided therein.
Appellee’s contention that the State of Louisiana, by virtue of Act 31 of 1942, has waived its right of taxation has no merit at all. This asserted waiver of the right of taxation resulting from' legislative relinquishment of exclusive jurisdiction in favor of the federal government amounts to naught without the acceptance of the latter. The State cannot, by its consent, force acceptance of exclusive jurisdiction on the Federal Government when it has failed to accept jurisdiction in accordance with its own laws. This has been squarely decided in Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122, 1123, 87 L.Ed. 1421. In that case, the defendants were convicted of rape under the Federal law, the crime having been perpetrated at Camp Claiborne, Louisiana, which had been acquired by the United States subsequent to the 1940 amendment to 40 U.S.C.A. § 255. In holding that the Federal Court was without jurisdiction of the case, the United States Supreme Court said:
“Since the government had not accepted jurisdiction in the manner required by the Act, the federal court had no jurisdiction of this proceeding. In this view it is immaterial that Louisiana statutes authorized the government to take jurisdiction, since at the critical time the jurisdiction had not been taken.” (Italics mine.)
Obviously, then, since the cession of the State without acceptance was ineffective, the majority holding that such cession constituted a waiver of the State’s right of taxation produces an unconstitutional result as the Legislature has no right to exempt property within the jurisdiction of the State from taxation. See Section 4, of Article 10 of the State Constitution.
(2) and (3), Prytania Street Property and office space under lease in the Masonic Temple building.
It is also manifest that the Federal Government does not have exclusive jurisdiction over these sites. The basic reason for this is that it does not own them and, therefore, they could not come within the scope of Clause 17, Section 8 of Article I of the United States Constitution which relates solely to land acquired in fee.
Nor can the legislative acts, Act 31 of 1942 and R.S. 52:1, upon which the majority rely, effect a transfer of exclusive jurisdiction to the Federal Government for, as above pointed out, it is difficult-to perceive how Louisiana may compel the United *685 States to accept such jurisdiction. Further than this, the power of Congress to accept jurisdiction over this type of property may well be doubted as Clause 17 of Section 8 of Article I of the United States Constitution confers power on Congress to exercise legislation “over all Places purchased by the Consent of the Legislature of the State * * *” and not over lands occupied in any other manner except as owner. Indeed, it does not appear that Congress has ever attempted to exercise exclusive jurisdiction over properties leased by it. If there be such a law, appellee has not brought it to our attention.
(4), (5) and (6) Port of Embarkation, Customs House and Algiers Naval Repair Base.
These sites present a different problem, as they were acquired prior to the 1940 amendment to 40 U.S.C.A., § 255, and are owned by the Government under fee simple titles. At the outset of a discussion of this question, it is apt to observe that, in order for Congress to become vested with exclusive jurisdiction under Clause 17 of Section 8 of Article I of the Federal Constitution over properties purchased by the Government within the confines of any State, three distinct acts are essential: (1) acquisition under a fee simple title, (2) consent of the State Legislature for such purchase and cession of jurisdiction over same and (3) an acceptance by the United States of the ceded jurisdiction.
Respecting the properties now under scrutiny, the State and City, while acknowledging that the first two requirements for the vesting of exclusive federal jurisdiction have been met, maintain that there has been no acceptance in fact of jurisdiction by the United States.
Surplus Trading Company v. Cook, 281 U.S. 647, 50 S.Ct. 455, 74 L.Ed. 1091, decided in 1929, which the majority concludes to be controlling of these cases, involved asserted State taxation of blankets located at Camp Pike, a military reservation in Arkansas. The court there presumed, and justifiably so in view of the very nature of the federal site, that the government had accepted exclusive jurisdiction which had been ceded to it by the Legislature of Arkansas. Indeed, prior to the decision in 1937 in James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, the jurisprudence of this country was that acceptance of a State’s cession of jurisdiction over territory within its borders would ordinarily be presumed since the State’s act of cession is to be deemed beneficial to the Federal Government. See Benson v. United States, 1892, 146 U.S. 325, 13 S.Ct. 60, 36 L.Ed. 991 and Annotation in 74 L.Ed. 761, at pages 770 and 771.
However, following the decision in the Dravo case, a new concept of the matter of acceptance has been entertained by the Supreme Court of the United States. The *687 Court in the later cases seems to be of the opinion (as I read the decisions) that acceptance of exclusive jurisdiction by the United States is a question of fact and that examination will be made of the nature of the governmental operations and the acts of the officials in charge thereof in determining whether exclusive jurisdiction has been accepted and that acceptance may be presumed only in the absence of evidence showing a contrary intent. See Silas Mason Co. v. Tax Comm. of Washington, 302 U.S. 186, 58 S.Ct. 233, 82 L.Ed. 187; Collins v. Yosemite Park & Curry Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502, and Atkinson v. State Tax Commission of Oregon, 303 U.S. 20, 58 S.Ct. 419, 420, 82 L.Ed. 621.[1]
In the last cited case, the Court observed:
“In Silas Mason Company v. Tax Commission [302 U.S. 186, ante, 187, 58 S.Ct. 233, 82 L.Ed. 187], supra, we said that as a transfer of exclusive jurisdiction rests upon a grant by the state, it follows, in accordance with familiar principles applicable to grants, that the grant may be accepted or declined. Acceptance may be presumed in the absence of evidence of a contrary intent. But we found no constitutional principle ‘which compels acceptance by the United States of an exclusive jurisdiction contrary to its own conception of its interests.’ The mere fact that the Government needs title to propérty within the boundaries of a state ‘does not necessitate the assumption by the Government of the burdens incident to an exclusive jurisdiction’.”
If the above stated principle is applied to the cases at bar, I entertain considerable doubt that there has been an acceptance by the Federal Government of exclusive jurisdiction over any of the three places enumerated as (4), (5) and (6). The evidence shows without contradiction that the City of New Orleans has, throughout the years, supplied police and fire protection to the Fort of Embarkation, the Customs House and the Algiers Naval Repair Base and these properties also utilize the drainage and sewerage facilities furnished by the Sewer *689 age & Water Board of New Orleans. I can find no good reason, in fact or in law, to believe that the federal authorities, although vested with full power to take exclusive jurisdiction of these sites, desired to do so or would have done so except to such extent as the enforcement of State laws would necessarily interfere with or burden the federal operations.
I agree that this court is without appellate jurisdiction of appellee’s suit against the State Tax Collector. Other than this, I respectfully dissent.

. Of course, all of these cases apply to property acquired by the Federal Government prior to the amendment of 1940 of 40 U.S.O.A. § 255, which makes the presumption of non-acceptance conclusive if. the officer in charge of the governmental department or agency has not filed a notice of acceptance with the Governor of the State or in such manner as may be prescribed by the laws of the State where the lands are situated. It is interesting to note in this connection that the Supreme Court remarked in Adams v. United States, supra, that its decisions in the Dravo Contracting Co., Silas Mason and Collins cases prompted Congress in 1940 to amend the law, respecting acceptance of jurisdiction conceded by the State to it of properties acquired with the consent of the State, so that there could be a practical adjustment of controversies "concerning the' relationship of Federal and State powers over government property.